FILED

2026 Jul-14  AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

**OCIE LEE LYNCH,**

    **Petitioner,**

**v.**

**PHYLLIS MORGAN,** *et al.*,

    **Respondents.**

**Case No. 1:25-cv-567-HDM-JHE**

## <u>ORDER</u>

On April 16, 2025, Petitioner Ocie Lee Lynch, proceeding *pro se*, filed a petition for a writ of habeas corpus to challenge his conviction and sentencing in the Circuit Court of Talladega County, Alabama. (Doc. 1). On June 22, 2026, the magistrate judge entered a report in which he recommended that Lynch's petition be dismissed with prejudice because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. 29). The magistrate judge advised Lynch that he had the right to "file specific written objections" that "identify every objectionable finding of fact or recommendation and state the specific basis for every objection" within fourteen days. *Id.* at 14. If a party objects to a magistrate judge's report and recommendation, this court must conduct *de novo* review. *Haywood v. Green*, 695 F. Supp. 3d 1315, 1318 (N.D. Ala. 2023). Absent any objections, the court reviews for clear error. *Id.*

In the fourteen days following the magistrate judge's report and recommendation, Lynch filed two documents. First, he filed a request "for a pardon based on innocence." (Doc. 30 at 1). In that petition, Lynch repeats many of his claims about the alleged problems with his criminal trial in Alabama state court, outlines his educational and military background, and asserts that he has undergone substantial personal growth while in prison. *Id.* at 1–3. Although Lynch claims that he is innocent of the crimes for which he was convicted, *id.* at 1, he does not address the magistrate judge's factual or legal analysis in finding that he is not entitled to the "actual innocence" exception to AEDPA's statute of limitations, (*compare* doc. 29 at 10–13 *with* doc. 30). Three days later, Lynch filed his second motion following the magistrate judge's report, which he styled as a "Motion to Have Conviction Reversed and Conviction Sentence Vacated." (Doc. 31). In that motion, Lynch, again, alleges that his underlying criminal trial was plagued by various constitutional issues and asks the court to reverse his conviction and release him from custody. *Id.* at 3.[1] This motion, like its predecessor, makes no reference to the magistrate judge's report and recommendation. (*See generally* doc. 31).

---

[1] Lynch filed a third document after the magistrate judge entered his report and recommendation, (doc. 32), but the court need not consider it because (1) Lynch did not file it within fourteen days and (2) even if he had, it is not a substantive objection to the report and merely supplements one of the earlier filings.

The court finds that neither of Lynch's filings qualifies as a proper objection to the magistrate judge's report and recommendation sufficient to require *de novo* review. *Haywood*, 695 F. Supp. 3d at 1318. The magistrate judge's report informed Lynch that, to trigger *de novo* review, he had to "file specific written objections" that "identif[ied] every objectionable finding of fact or recommendation and stat[ing] the specific basis for every objection." (Doc. 29 at 14). Lynch's two filings are not specific objections and arguments based on the contents of the magistrate judge's thorough and well-reasoned report; indeed, neither filing even acknowledges the report's existence. Lynch simply uses these filings to relitigate his underlying habeas petition without ever attempting to articulate a theory as to how or why the magistrate judge erred in finding that the petition is barred by AEDPA's statute of limitations. Although Lynch is proceeding *pro se*, he is still obligated to follow this court's clear orders, *see e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), and the court finds he has not done so here.[2] The court therefore finds that no party objected to the magistrate judge's report within fourteen days and that clear error review, not *de novo*, is appropriate. *Haywood*, 695 F. Supp. 3d at 1318.

The court has reviewed the magistrate judge's report for clear error and finds none. The court therefore **ADOPTS** the report and **ACCEPTS** the magistrate

---

[2] The court also notes that, earlier in this case, Lynch properly objected to a different report and recommendation from the magistrate judge, (doc. 7), which reasonably suggests that he was capable of doing so again and chose not to.

judge's recommendation. Consistent with that recommendation, the court **DISMISSES** Lynch's petition **WITH PREJUDICE** as barred by the applicable statute of limitations and **DENIES** him a certificate of appealability. The court will enter a separate final order. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner at his address of record.

**DONE** and **ORDERED** on July 14, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE